IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA

**Roanoke Division**

| | |
|---|---|
| JOHNNY QUESENBERRY, on behalf of himself and all others similarly situated,<br>  2612 Meadow Spring Circle<br>  Vinton, Virginia 24179-1572<br><br>    Plaintiff,<br><br>  vs.<br><br>GENESIS FINANCIAL SOLUTIONS, INC.,<br>  Serve:  The Corporation Trust Company,<br>  1209 Orange Street<br>  Wilmington, Delaware 19801<br><br>ASSET ACCEPTANCE CAPITAL CORP.,<br>  Serve:  The Corporation Trust Company,<br>  1209 Orange Street<br>  Wilmington, Delaware 19801<br><br>    and<br><br>ASSET ACCEPTANCE, LLC,<br>  Serve:  The Corporation Trust Company,<br>  1209 Orange Street<br>  Wilmington, Delaware 19801<br><br>    Defendants. | Case No.: 7-10-cv-00204<br>          (Judge Conrad) |

# COMPLAINT

Plaintiff Johnny Quesenberry, individually and as representative of those similarly situated, by counsel, brings this class complaint against the defendants for multiple violations of the Fair Debt Collection Practices Act.

## I. Introduction

1) This is a class action for statutory damages and equitable relief by the Plaintiff and class representative Johnny Quesenberry, by counsel, on behalf of himself and other similarly situated individuals, against the defendants, Genesis Financial Solutions, Inc., Asset Acceptance Capital Corp., and Asset Acceptance, LLC. The purpose of this action is to redress defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et. seq*. Plaintiff seeks statutory damages, equitable relief, attorney's fees, and costs.

2) The Asset companies are in the business of purchasing bad debts for pennies on the dollar. They hire Genesis to help collect these debts. Enlisting a credit card issuer, WebBank, the defendants have sent misleading and deceptive collection communications to consumers that are a classic bait-and-switch. Essentially, they pitch a credit card offer, a debt compromise, and a vague and misleading representation of no future legal action. But in reality they restarting statutes of limitation on old debts, creating new debt obligations, and inducing the consumer into new, binding contracts that do authorize future legal action and never include the inducements as terms, or clarify their real meaning.

## II. Parties

3) Plaintiff is a citizen of the United States and a resident of Vinton, Virginia. Plaintiff is a person who is obligated or allegedly obligated to pay a debt, and is a "consumer" as that term is defined by the Fair Debt Collection Practices Act, 15 U.S.C. § 1692a(3). He seeks to represent a state-wide class of similarly situated consumers.

4) Defendant Genesis Financial Services, Inc. ("Genesis") is a Delaware corporation with principal place of business in Oregon that regularly transacts or has transacted business and has caused injury in the Western District of Virginia.



101 S. Jefferson Street
Suite 400
Roanoke, VA  24011

2

`

5) Genesis is a person that uses an instrumentality of interstate commerce or the mails in its business. The principal purpose of Genesis' business is the collection of debts, and Genesis regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

6) Genesis is a "debt collector" as that term is defined by the Fair Debt Collection Practices Act, 15 U.S.C. Sec. 1692a(6).

7) Defendant Asset Acceptance, LLC, a/k/a Asset Acceptance of Michigan, LLC, is a Delaware limited liability corporation with a principal place of business in Michigan, which regularly transacts or has transacted business and has caused injury in the Western District of Virginia. Defendant Asset Acceptance Capital Corp. is a Delaware company with principal place of business in Michigan, and is the parent and principal of the LLC, which Asset Acceptance Capital Corp. directs for the collections at issue. Together, they will be referred to herein as "Asset Acceptance" or "Asset companies."

8) The Asset companies are persons who use an instrumentality of interstate commerce or the mails in their business.

9) The principal purpose of the Asset companies' business is the collection of debts, and the Asset companies regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

10) The Asset companies regularly collect or attempt to collect through Genesis, as in this case.

11) Asset Acceptance Capital Corp. regularly collects or attempts to collect through Asset Acceptance, LLC., as in this case.



101 S. Jefferson Street
Suite 400
Roanoke, VA  24011

3

`

12) Genesis, a debt collector, acted here on behalf of one or both of the Asset companies.

13) The Asset companies are each a "debt collector" as defined by the Fair Debt Collection Practices Act, 15 U.S.C. Sec. 1692a(6).

14) The defendants have acted as a common enterprise while engaging in deceptive acts and practices and other violations of law in connection with marketing the "The Possible Dream" and the "Pearl Card gold MasterCard" practices and communications at issue.

15) Because the defendants have acted as a common enterprise, each of them is jointly and severally liable for the deceptive acts and practices and other violations alleged herein, which they have undertaken as a common enterprise.

### III.  Jurisdiction and Venue

16) This Court has jurisdiction over the causes of action in this case pursuant to each of 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).  The Court has jurisdiction over the named defendants as they regularly do business in this district and regularly cause harm here, including through multiple mailings of the collection letter at issue to its residents.

17) Venue is proper in this district pursuant to 28 U.S.C. Sec. 1391(a) because a substantial part of the events or omissions giving rise to the claim took place in this judicial district.

### IV. Facts

18) The defendants sent a collection communication to the plaintiff and a class of Virginians that presented the defendants' collection efforts in the misleading disguise of a credit card offer and credit restoration styled as "The Possible Dream."  The defendants



` promise they are offering "a wise choice," "Tools to Get You There," and "An Easy Step in the Right Direction." In reality, they are attempting to persuade their targets to acknowledge or re-age an old debt for the defendants' collection purposes—debt that has already been charged off, and is either already time-barred or will be in the near future.

19)    The collection communication consists of a letter with enclosed brochure. The collection communication offers a "Pearl Card Gold Mastercard" in exchange for signing a statement that says "Yes! I accept this opportunity to get ahead." In minor font underneath that signature line is an agreement incorporating the terms of the offer on the reverse side.

20)    The fine print then incorporates by reference a "cardholder agreement" or "account agreement" that is not even provided to the consumer prior to accepting the offer. Rather, the "disclosure statement" provides that after signing and agreeing to be bound, "we will send you the Cardholder Agreement that is the contract concerning the use of your Account" and that "will govern your and our rights with respect to your Account."

21)    As part of their inducement, the defendants then promise in large print in their letter that "Genesis Financial Solutions and WebBank"—deceivingly omitting any mention of a similar promise by the Asset Acceptance defendants who actually own the debt— "have each agreed that, notwithstanding anything in the agreement that governs your account, they will never sue or file for arbitration to collect (nor threaten to sue you or file for arbitration to collect) any amount of your present debt that is placed on your Pearl Card® Gold MasterCard®."

22)    This statement is misleading and deceitful in numerous ways. Among other things, it is designed to lead consumers to believe that no collection actions can be brought



101 S. Jefferson Street
Suite 400
Roanoke, VA  24011

5

against them when, in fact, the acceptance of the offer will re-start or extend Asset Acceptance's ability to enforce the alleged debt. In addition, to the extent these debts are time-barred, the representations made are misleading, among other reasons, because they purport to help consumers make a "wise choice" and put debts behind them that are already unenforceable.

23) Furthermore, it is unclear what "the agreement that governs your account" refers to, as it could mean the original debt's account agreement, owned by Asset Acceptance, or the new "account" created by the card. Nonetheless, the Initial Disclosure Statement and upon information and belief, the incorporated but undisclosed cardholder agreement or "account agreement" for the offered "Gold" credit card does not contain a single term actually waiving any rights of recovery by any defendant, or anything that could be read to confirm or incorporate the letter's promise. Instead, they contradict it.

24) The Initial Disclosure Statement states confusingly and vaguely that the incorporated but undisclosed Cardholder Agreement contains an arbitration clause that will govern "certain disputes." Upon information and belief, the "Arbitration of Disputes" section of the concealed Cardholder Agreement then provides that "any controversy that arises out of or is related to (a) this Agreement . . . (b) your Account, or (c) any relationship resulting from this Agreement. . .or (e) any other agreement related to your Account (including prior agreements) or any such service, or (f) breach of this Agreement or any other such agreement, whether based on statute, contract, tort or any other legal theory" will be subject to binding arbitration described therein.

25) The letter further informs the customer that upon accepting the offer, the original debt to Asset Acceptance will be "considered resolved" for a percentage of the



total, implying that simply accepting the offer and making a payment will result in the original debt to Asset Acceptance being paid off, and no further action being taken by that defendant. Along with the disclaimer of future legal action, the letter thus implies that Asset Acceptance will no longer have any legal rights or claims against the consumer, or will not assert any.

26) Yet the non-disclosed cardholder agreement's arbitration clause also contains an agreement that all "prior agreements" that are in any way "related" to the transferred balance will be subject to arbitration. The letter's representation about taking no further legal action technically mentions only Genesis and WebBank, not Asset Acceptance, and technically only applies to the "amount of your present debt that is placed on" the card. So the letter is deceiving and misleading about whether simply signing the agreement legally restarts the limitations clock on a stale debt owned by Asset Acceptance, and whether either Genesis or Asset Acceptance can thereafter take actions to recover the entire original debt or any "resolved" percentage of it, if the initial activation payment or the transferred balance of the card is not fully paid in the future.

27) In addition, both the initial disclosure statement and the cardholder agreement state that any terms of the contract can be changed at any time, unilaterally, by the defendants.

28) As presented by the defendants, their collection communication is false, deceptive, and misleading to the consumer, violating the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e, and constitutes unfair or unconscionable means under 15 U.S.C. § 1692f.



`

## V. Class Allegations

29) The representative Plaintiff Johnny Quesenberry brings this suit as a class action under the provisions of Federal Rule of Civil Procedure 23, on his own behalf and on behalf of all others similarly situated.

30) Plaintiff represents a class ("consumers") consisting of:

   a) All persons with addresses in the Commonwealth of Virginia;

   b) who were mailed a collection communication, as defined under 15 U.S.C. Sec. 1692f(8) from Genesis Financial Solutions, Inc.;

   c) purporting to collect a debt owned by or owed to Asset Acceptance, LLC;

   d) which communication referenced an offer of "The Possible Dream" by transferring a debt or portion thereof to a "pearl Card Gold MasterCard";

   e) which communication stated: "notwithstanding anything in the agreement that governs your account, they will never sue or file for arbitration to collect (nor threaten to sue you or file for arbitration to collect) any amount of your present debt that is placed on your Pearl Card® Gold MasterCard®.";

   f) where the underlying obligation was incurred primarily for personal, family or household use; and

   g) the communication was made on or after the date one year prior to the filing of this Complaint.

31) The Plaintiff may bring this action as representative of the class of such Consumers because:



101 S. Jefferson Street
Suite 400
Roanoke, VA  24011

8

    a)     as a consumer receiving a communication from a debt collector described above, and which thus violated 15 U.S.C. §§ 1692e and 1692f, Plaintiff is entitled to $1,000 in statutory damages plus attorneys' fees from Defendants;

    b)     Plaintiff's claims are typical of the claims of the other members of the class; and

    c)     Plaintiff will fairly and adequately represent the interests of the class.

32)     The Plaintiff has no interest adverse to the interest of the class; and counsel selected by the Plaintiff are experienced in handling class actions and other complex commercial and consumer litigation and will fairly and adequately represent the interests of all members of the class.

33)     The class is so numerous that joinder of individual members in this action is impracticable.

34)     Common questions of law and fact predominate over questions of law and fact affecting only individual members of the class.  Such common questions include:

    a)     whether Defendants sent or caused to be sent substantially identical communications to Plaintiff and the Class;

    b)     whether Defendants engaged in false, deceptive, or misleading collection practices, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e;

    c)     whether Defendant used unfair or unconscionable means to collect a consumer debt, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692f;

    d)     whether the Class is entitled to declaratory and injunctive relief;



101 S. Jefferson Street
Suite 400
Roanoke, VA  24011

`

    e)       whether the Class is entitled to an award of reasonable attorney's fees and costs of suit pursuant to the Fair Debt Collection Practices Act; and

    f)       whether the class is entitled to any other remedies.

35) Defendants have acted or refused to act in false, misleading, and deceptive ways on grounds generally applicable to the class, thereby making final injunctive relief or corresponding declaratory relief appropriate with respect to the class as a whole.

36) Congress specifically considered class actions to be a principal means of enforcing the FDCPA by private attorneys general, 15 U.S.C. § 1692k.  Individual litigation would increase the delay and expense to all parties and to the court system, and the interest of the members in individual litigation is small since the maximum statutory damages per claim is $1,000.  This Virginia class will be easily manageable and allow for single and conclusive adjudication of common rights by a single court.

### Count I—Fair Debt Collection Practices Act

37) The Plaintiff re-alleges the previous allegations in this Complaint.

38) Defendants have violated the FDCPA by sending a collection communication to the plaintiff and members of the class that:

    a)       Makes false, deceptive, or misleading representations or statements in connection with the collection of a consumer debt, 15 U.S.C. § 1692e;

    b)       Misrepresents the character, status, or amount of the debt, 15 U.S.C. § 1692e(2);

    c)       Misrepresents the compensation which may be lawfully received, 15 U.S.C. § 1692(e)(2)(B);



101 S. Jefferson Street
Suite 400
Roanoke, VA  24011

10

`

    d)    Uses false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer, 15 U.S.C. § 1692e(10); and

    e)    Uses unfair or unconscionable means to collect a consumer debt, 15 U.S.C. § 1692f.

**WHEREFORE,** Plaintiff John Quesenberry prays that this Court certify the Class against Defendants, and enter judgment for the Plaintiff and Class members granting them:

1)    Damages as authorized by 15 U.S.C. § 1692k(a);

2)    Costs and reasonable attorneys' fees;

3)    Injunctive relief against continuing or future violations;

4)    Such other relief as the Court determines to be just and appropriate.

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL ISSUES.**

    Dated this 14th day of May, 2010

    By:  /s/ John P. Fishwick, Jr.
          Attorney for Plaintiffs

John P. Fishwick, Jr. (VSB No.: 23285)
Devon J. Munro (VSB No.: 47833)
Monica L. Mroz (VSB No.: 65766)
Lichtenstein, Fishwick & Johnson, PLC
101 South Jefferson St., Suite 400
Roanoke, Virginia 24011
(540)345-5890
(540)345-5789 (facsimile)

W. Joel Charboneau (VSB #68025)
Magee Goldstein Lasky & Sayers, P.C.
Post Office Box 404
Roanoke, Virginia 24003
540-343-9800 (T)
540-343-9898 (F)
jcharboneau@mglspc.com

